RHODE ISLAND HOSPITAL TRUST CO. *vs.* GEORGE W. PITCHER *et als.*

A testator authorized his executor "at any time after my said grandson shall have attained the age of twenty-one years to pay to my said grandson for his advancement in business any sum of money not exceeding eight thousand dollars, to be paid at once or at different times and in separate sums or not at all, at the discretion of my executor."

*Held*, that the powers so given to the executor could not be exercised by an administrator *de bonis non* with the will annexed, the will not showing that the testator intended the administrator to succeed to them.

BILL IN EQUITY for instructions.

Marcy Pitcher, a resident of that part of the town of Pawtucket, in the County of Bristol and State of Massachusetts, which has been annexed to the State of Rhode Island, died testate, leaving a will which was duly proved before the Court of Probate, in said County of Bristol. The will appointed as executor Henry P. Knight, who died before the testatrix. The complainant was appointed by the Probate Court of the town of Pawtucket, in Rhode Island, administrator with the will annexed of the estate of said Marcy Pitcher.

Her will contains the following clause :

" I give and bequeath to my grandson, George Larned Pitcher, son of my son George W. Pitcher, the sum of five hundred dollars, to be paid by my executor from my estate, in each and every year during the life of my said son, George W. Pitcher, for the support and education of my said grandson.

" I hereby authorize my executor at any time after my said grandson shall have attained the age of twenty one years, to pay to my said grandson, for his advancement in business, any sum of money not exceeding eight thousand dollars, to be paid at once or at different times, and in separate sums or not at all, at the discretion of my executor ; and when said payments shall amount to said sum of eight thousand dollars, the payment of the aforesaid annuity to my said grandson shall cease."

The bill set forth that George Larned Pitcher was of the age of thirty seven years ; that the annuity was paying to him out of the capital of the estate, which was thus yearly diminishing ; that all the legacies contained in the will of Marcy Pitcher had been paid, except those to George W. Pitcher and George Larned Pitcher ; that George W. Pitcher consented to the payment to George Larned Pitcher of the eight thousand dollars, and the bill prayed for instructions whether the complainant could exercise the power given by the will to the executor to make such payment.

*October* 20, 1888. PER CURIAM. Our opinion is, that the complainant corporation in its capacity of administrator *de bonis non* on the estate of Marcy Pitcher, with the will annexed, did not succeed to the powers given to the executor of her will by the clause thereof which is recited in the bill. The powers are out of the ordinary scope of an executor's functions and purely discretionary, and the rule is, that an administrator appointed in the place of an executor does not succeed to such powers unless it is apparent from the will that it is intended that he shall do so. *Ingle* v. *Jones,* 9 Wall. 486. It is only by statute that a power to sell real estate given to an executor for the purposes of the will devolves upon an administrator appointed in his place. Perry on Trusts, § 500. Even in trusts special discretionary powers conferred on the original trustee do not go to his successor unless an intention to have them go is manifested by the instrument creating the trust, but are deemed to be committed to the original trustee as a matter of personal confidence. *Bailey* v. *Burges,* 10 R. I. 422.

*James Tillinghast,* for complainants.